IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY, an Arkansas corporation, <br><br> Plaintiff, <br><br> v. <br><br> LAST COAST ENTERTAINMENT, LLC, an Illinois limited liability company, BXX MANAGEMENT CORPORATION, a dissolved Illinois corporation; SBX MANAGEMENT CORP., an Illinois corporation; A-ALERT SECURITY SERVICES, INC., an Illinois corporation; HAR MANAGEMENT CORPORATION, an Illinois corporation; ABDULLAH MUHAMMAD, an individual; KAMAL MUHAMMAD, an individual; and, DERRICK GOARD JR., and individual. <br><br> Defendants. | Case No. __19 cv 5771_____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes Plaintiff, Kinsale Insurance Company, by and through its attorneys, Dana A. Rice and Tony Hatzilabrou of Traub Lieberman Straus & Shrewsberry LLP, and for its Complaint for Declaratory Judgment against defendants Last Coast Entertainment, LLC, BXX Management Corporation, SBX Management Corp., A-Alert Security Services, Inc., HAR Management Corporation, Abdullah Muhammad, Kamal Muhammad, and Derrick Goard Jr., it states as follows:

## THE PARTIES

1. Plaintiff Kinsale Insurance Company ("Kinsale") is a corporation organized under the laws of Arkansas, with its principal place of business in Richmond, Virginia. At all times relevant hereto, Kinsale was a non-admitted surplus lines insurer whose policies may be sold in Illinois.

2. At all times relevant hereto, defendant Last Coast Entertainment LLC ("LCE") was a limited liability company organized under the laws of Illinois, with its principal place of business in Cook County, Illinois. LCE consists of the following member:

    a. Asa Powell, who is, and at all relevant times was, a citizen of Illinois.

3. At all times relevant hereto, defendant BXX Management Corporation ("BXX"), was a corporation organized under the laws of Illinois, with its principal place of business in Cook County, Illinois. According to the Illinois Secretary of State's database, BXX is currently dissolved.

4. At all times relevant hereto, defendant SBX Management Corp. ("SBX"), was a corporation organized under the laws of Illinois, with its principal place of business in Cook County, Illinois.

5. At all times relevant hereto, defendant A-Alert Security Services, Inc. ("A-Alert") was a corporation organized under the laws of Illinois, with its principal place of business in Cook County, Illinois.

6. At all times relevant hereto, defendant HAR Management Corporation ("HAR") was a corporation organized under the laws of Illinois, with its principal place of business in Cook County, Illinois.

7. At all times relevant hereto, defendant Abdullah Muhammad was an individual who resided in Cook County, State of Illinois.

8. At all times relevant hereto, defendant Kamal Muhammad was an individual who resided in Cook County, State of Illinois.

9. At all times relevant hereto, defendant Derrick Goard Jr. was an individual who resided in Cook County, State of Illinois.

303085280v1 1016438

**JURISDICTION AND VENUE**

10. This Court has diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1) in that the citizenship of the parties is completely diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Some of the defendants herein are seeking defense and indemnity coverage under the Policy with limits of $1,000,000 per occurrence.

11. Venue is appropriate pursuant to 28 U.S.C. § 1391 (b)(1) and (2) because the defendants reside in this District, and because this case involves a claim for coverage under a Policy issued in this District.

**THE UNDERLYING LAWSUIT**

12. On April 13, 2018, Defendants Abdullah Muhammad and Kamal Muhammad filed a Complaint for damages against SBX, LCE, and BXX in the Circuit Court of Cook County, Illinois, County Department, Law Division, under Case Number 18-L-3797 (the "Underlying Lawsuit").

13. On February 7, 2019, Defendants Abdullah Muhammad, Kamal Muhammad, and Derrick Goard Jr. filed a Fourth Amended Complaint ("FAC") for damages against SBX, LCE, BXX, A-Alert, and HAR in the Underlying Lawsuit. The FAC remains the operative pleading in the Underlying Lawsuit. (A true and accurate copy of the FAC is attached hereto as **Exhibit A**).

14. The FAC alleges that defendants Abdullah Muhammad, Kamal Muhammad, and Derrick Goard Jr. were patrons of The Boxxx, a nightclub located at 16700 S. Halsted Street and 341 East 167th Street, Harvey, IL 60426 (the "Premises") on or about March 17, 2018.

303085280v1 1016438

15. The FAC alleges that LCE, BXX, SBX, and HAR owned, leased, possessed, operated, managed, maintained, and controlled the Premises, which was in the business of providing entertainment and selling or gifting intoxicating alcoholic beverages to patrons.

16. The FAC alleges that A-Alert was engaged in the business of providing security to business establishments in the Chicago-land area and did contract to provide security services at The Boxxx on or about March 17, 2018.

17. According to the FAC, on March 17, 2018, defendants Abdullah Muhammad, Kamal Muhammad, and Derrick Goard Jr. were intended, permitted, and lawful invitees on the Premises when an unknown club patron began to act in a reckless and dangerous manner and shot them.

18. The FAC further alleges that LCE, BXX, SBX, A-Alert, and HAR had notice of the unknown individual's reckless and dangerous activity, voluntarily undertook to provide security for and protect their customers from possible dangerous actions of other customers, and had a duty to exercise reasonable care for the safety of the club's patrons.

19. The FAC alleges that LCE, BXX, SBX, and HAR committed one or more of the following negligent acts or omissions: (a) failing to search patrons upon entry to the club; (b) failing to provide the necessary number of security personnel; (c) failing to provide adequate security; (d) failing to timely intervene in the altercation and prevent injuries to patrons at the nightclub; (e) permitting more customers on the Premises than safely allowable in violation of State, County, and/or City of Chicago law and ordinance; (f) permitting more customers than they could safely manage and control; and, (g) were otherwise negligent.

20. The FAC further alleges that A-Alert committed one or more of the following negligent acts or omissions: (a) turning security cameras off; (b) failing to turn security cameras

303085280v1 1016438

on; (c) failing to search patrons upon entry to the nightclub; (d) failing to provide the necessary number of security personnel to manage the size of the crowd at the nightclub that night; (e) failing to provide adequate security; (f) failing to timely intervene in the subject-matter altercation and prevent injuries to patrons at the nightclub; (g) permitting more customers on the premises than safely allowable, in violation of State, County and/or City of Chicago law and ordinance; (h) permitting more customers on the premises than they could safely manage and control, creating an unnecessary risk of injury to the patrons; and, (i) was otherwise negligent.

21. The FAC alleges that Abdullah Muhammad, Kamal Muhammad, and Derrick Goard Jr. all sustained personal injuries as a result of the defendants' negligence.

## THE KINSALE POLICY

22. Kinsale issued a commercial general liability insurance policy to BXX[1], as the Named Insured, under Policy No. 0100050413-0, for the policy period of April 21, 2017 to April 21, 2018 (the "Policy"). The Policy provides $1,000,000 of liability coverage for each occurrence subject to a general aggregate limit of $2,000,000 and a per occurrence deductible of $5,000. (A true and correct copy of the Policy is attached hereto as **Exhibit B**).

23. As an initial matter, the Policy includes the following endorsement[2]:

**ADDITIONAL INSURED AND PRIMARY AND NON-CONTRIBUTORY
AS REQUIRED BY WRITTEN CONTRACT – BLANKET**
\* \* \*
A. **SECTION II – WHO IS AN INSURED** is amended to include any person(s) or organization(s) you are required to include as an Additional Insured on this policy by written contract in effect during the policy period and executed prior to the "occurrence" of the "bodily injury" or "property

---

[1] The Policy was originally issued to Last Coast Entertainment, LLC. The Named Insured was amended by endorsement to BXX Management Corp.

[2] The Policy also contains an endorsement entitled "Additional Insured As Required By Written Contract" under form CAS 5010 0317 that amends Section II – Who Is An Insured to "include any person or organization you are required to include as an additional insured on this policy by written contract in effect during the policy period and executed prior to the 'occurrence' of the 'bodily injury' or 'property damage', but only for the vicarious liability imposed on the Additional Insured provided that such liability is caused by the sole negligent conduct of the Named Insured and is proximately caused by 'your work' or 'your product' for the Additional Insured."

damage" but only for such "bodily injury" or "property damage" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

1. In the performance of your ongoing operations; or
2. In connection with your premises owned or rented to you.

B. The insurance provided by this endorsement shall be excess with respect to any other valid and collectible insurance available to the Additional Insured unless the written contract specifically requires that this insurance apply on a primary and non-contributory basis, in which case this insurance shall be primary.

\* \* \*

(hereinafter referred to as the "A.I. Endorsement").

## COUNT I

## THE POLICY'S "ASSAULT AND BATTERY" EXCLUSION BARS COVERAGE

24. Kinsale adopts and realleges the allegations in paragraph 1 through 24 of its Complaint for Declaratory Judgment as paragraph 25 of Count I of its Complaint for Declaratory Judgment as if fully set forth herein.

25. Coverage A of the Policy[3] provides, in relevant part, the following with respect to the liability coverage afforded therein:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
\* \* \*

**SECTION I- COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any

---

[3] Coverage B of the CGL Coverage of the Policy provide coverage for "personal and advertising injury." As the Underlying Lawsuit does not assert claims relating to 'personal and advertising injury,' Coverage B of the Policy is not germane to this lawsuit.

> "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. * * *
> * * *
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
> * * *

(Ex B).

26. The Policy defines the terms "bodily injury" and "occurrence" as follows:

**SECTION V – DEFINITIONS**
> * * *
> **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
> * * *
> **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
> * * *

(Ex. B).

27. The Policy contains the following "Assault and Battery" Exclusion:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION - ASSAULT AND BATTERY**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury," "property damage" or "personal and advertising injury" arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked. This exclusion includes but is not limited to:

303085280v1 1016438

1. The prevention or suppression, or, the failure to suppress or prevent any assault, battery, harmful or offense contact, or threat;

2. The failure to provide an environment safe from any assault, battery, harmful or offensive contact, or threat, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, harmful or offensive contact, or threat;

3. The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, harmful or offensive contact, or threat;

4. Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;

5. The reporting or failure to report to the proper authorities;

6. Conducting or failing to conduct an investigation of any assault, battery, harmful or offensive contact, or threat;

7. Providing or failure to provide first aid or medical treatment, or otherwise handling or responding after there has been an assault, battery, harmful or offensive contact, or threat;

8. Any assault, battery, harmful or offensive contact, or threat whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever; or

9. The negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured with respect to items 1. through 8. above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or "suit" regardless of whether assault, battery, harmful or offensive contact, or threat is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage" or "personal and advertising injury" arises out of a chain of events that includes any assault, battery, harmful or offensive contact.

For purposes of this endorsement, **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, item **a. Expected or Intended Injury** is deleted and replaced with the following:

8

303085280v1 1016438

> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.
>
> * * *

(hereinafter referred to as the "Assault and Battery Exclusion") (Ex. B).

28. The FAC alleges that Abdullah Muhammad, Kamal Muhammad, and Derrick Goard Jr., all sustained bodily injuries as a result of the shooting that occurred at The Boxxx on or about March 17, 2018.

29. Accordingly, even if the FAC alleged "bodily injury" caused by an "occurrence", which Kinsale expressly denies that it does, the Policy's Assault and Battery Exclusion bars coverage for the claims asserted therein.

30. Kinsale has and had no duty under the Policy to defend, LCE, SBX, BXX, and HAR against the FAC, or to indemnify them for any judgment or settlement entered in the Underlying Action.

31. An actual controversy exists between Kinsale, LCE, SBX, BXX, A-Alert, HAR, Abdullah Muhammad, Kamal Muhammad, and Derrick Goard Jr., and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Kinsale, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Kinsale Policy;

b. Find and declare that the Assault and Battery Exclusion bars coverage under the Policy for the damages sought in the Underlying Lawsuit;

c. Find and declare that Kinsale has and had no duty under the Kinsale Policy to: (1) defend LCE, SBX, BXX, and HAR in the Underlying Lawsuit; or (2) indemnify LCE, SBX, BXX, and HAR for any judgment or settlement entered in the Underlying Action; and

     d.     Grant Kinsale such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT II

## THE LIQUOR LIABILITY EXCLUSION BARS COVERAGE

32. Kinsale adopts and realleges the allegations in paragraph 1 through 32 of its Complaint for Declaratory Judgment as paragraph 33 of Count II of its Complaint for Declaratory Judgment as if fully set forth herein.

33. The Policy also contains the following "Liquor Liability" Exclusion:

**EXCLUSION – LIQUOR LIABILITY**
\* \* \*

**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, c. Liquor Liability** is deleted in its entirety and replaced by the following:

[This insurance does not apply to:]

**Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
\* \* \*

(hereinafter referred to as the "Liquor Liability Exclusion") (Ex. B).

34. Even if the FAC alleged "bodily injury" caused by an "occurrence", which Kinsale expressly denies that it does, the Policy's Liquor Liability Exclusion bars coverage for the injuries alleged in the Underlying Lawsuit to the extent they resulted from the intoxication of any person

303085280v1 1016438

or from the furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcoholic beverages.

35. Kinsale has and had no duty under the Policy to defend, LCE, SBX, BXX, and HAR against the FAC, or to indemnify them for any judgment or settlement entered in the Underlying Action.

36. An actual controversy exists between Kinsale, LCE, SBX, BXX, A-Alert, HAR, Abdullah Muhammad, Kamal Muhammad, and Derrick Goard Jr., and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Kinsale, respectfully prays that this Honorable Court:

   a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Kinsale Policy;

   b. Find and declare that the Liquor Liability Exclusion bars coverage under the Policy for the claims asserted in the Underlying Lawsuit;

   c. Find and declare that Kinsale has and had no duty under the Kinsale Policy to: (1) defend LCE, SBX, BXX, and HAR in the Underlying Lawsuit; or (2) indemnify LCE, SBX, BXX, and HAR for any judgment or settlement entered in the Underlying Lawsuit; and

   d. Grant Kinsale such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT III

## THE POLICY'S LIMITATION ENDORSEMENT BARS COVERAGE

37. Kinsale adopts and realleges the allegations in paragraph 1 through 37 of its Complaint for Declaratory Judgment as paragraph 38 of Count III of its Complaint for Declaratory Judgment as if fully set forth herein.

38. The Policy contains the following "Limitation for Restaurants, Bars, Taverns" endorsement:

**LIMITATION FOR RESTAURANTS, BARS, TAVERNS**

* * *

The following exclusion is added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving:

1. Any damage to the property or any injury to, any entertainer, stage hand, crew or independent contractor who participates in or is a part of any demonstration, exhibition, contest, competition, show, race, rodeo, performance or game;

2. Any mechanical rides, pits, rings, props, slides;

3. Any docks, piers or wharves;

4. The use of any pyrotechnic devices, lasers or other similar apparatus or devices;

5. The failure of the insured to meet any safety codes, fire codes or ordinances as respects ingress or egress accessibility, lighting, directions, signs, or displays relating to premises emergency exits;

6. The failure of the insured to provide access to any premises emergency exit;

7. The negligent hiring, employment, training, supervision, or retention of any insured, employee, agent or other person with respect to items 1. through 6. above; or

8. The failure of an insured to report to the property authorities any physical change or planned physical change in the premises, whether temporary or permanent, that is required by code or ordinance to be reported for safety reasons.

* * *

(hereinafter referred to as the "Limitation for Bars Exclusion") (Ex. B).

39. The FAC alleges Abdullah Muhammad, Kamal Muhammad, and Derrick Goard Jr. sustained injuries when they were shot by an unidentified individual at The Boxxx, in part as a result of the negligence of Defendants, SBX, LCE, BXX, A-Alert and HAR, in permitting more customers on the premises than safely allowable, in violation of State, County and/or City of Chicago law and ordinance and/or permitted more customers on the premises than they could safely manage and control.

303085280v1 1016438

40. Even if the FAC alleged "bodily injury" caused by an "occurrence", which Kinsale expressly denies that it does, the Policy's Limitation for Bars Exclusion precludes coverage for the injuries alleged in the Underlying Lawsuit to the extent they resulted from defendants' failure to comply with safety codes, fire codes or ordinances as set forth in the exclusion, the failure to provide access to any emergency exit at the premises or the negligent hiring, employment, training, supervision, or retention of any insured, employee, agent or other person with respect to the same.

41. Kinsale has and had no duty under the Policy to defend, LCE, SBX, BXX, and HAR against the FAC, or to indemnify them for any judgment or settlement entered in the Underlying Action.

42. An actual controversy exists between Kinsale, LCE, SBX, BXX, A-Alert, HAR, Abdullah Muhammad, Kamal Muhammad, and Derrick Goard Jr., and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Kinsale, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Kinsale Policy;

b. Find and declare that the Limitation for Bars Exclusion bars coverage under the Policy for the damages sought in the Underlying Lawsuit;

c. Find and declare that Kinsale has and had no duty under the Kinsale Policy to: (1) defend LCE, SBX, BXX, and HAR in the Underlying Lawsuit; or (2) indemnify LCE, SBX, BXX, and HAR for any judgment or settlement entered in the Underlying Lawsuit; and

d. Grant Kinsale such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT IV

### THE DUTY TO DEFEND EXCLUSION BARS COVEAGE

13

43. Kinsale adopts and realleges the allegations in paragraph 1 through 43 of its Complaint for Declaratory Judgment as paragraph 44 of Count IV of its Complaint for Declaratory Judgment as if fully set forth herein.

44. The Policy includes the following Duty to Defend Exclusion:

### ADDITIONAL POLICY EXCLUSIONS
\* \* \*

The following exclusions are added to this policy:
\* \* \*

### DUTY TO DEFEND EXCLUSION

Where there is no coverage under this policy, there is no duty to defend.
\* \* \*

(hereinafter referred to as the "Duty to Defend Exclusion") (Ex. B).

45. For the reasons set forth above, no coverage is available under the Policy for the claims asserted in the FAC.

46. Accordingly, pursuant to the Duty to Defend Exclusion, Kinsale has and had no duty to defend LCE, SBX, BXX, and HAR in the Underlying Lawsuit.

47. An actual controversy exists between Kinsale, LCE, SBX, BXX, A-Alert, HAR, Abdullah Muhammad, Kamal Muhammad, and Derrick Goard Jr., and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Kinsale, respectfully prays that this Honorable Court:

    a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Kinsale Policy;

    b. Find and declare that the Duty to Defend Exclusion bars coverage under the Policy for the damages sought in the Underlying Lawsuit;

303085280v1 1016438

c. Find and declare that Kinsale has and had no duty under the Kinsale Policy to defend LCE, SBX, BXX, and HAR in the Underlying Lawsuit; and

d. Grant Kinsale such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT V

## THE "OTHER INSURANCE" PROVISION

48. Kinsale adopts and realleges the allegations in paragraph 1 through 48 of its Complaint for Declaratory Judgment as paragraph 49 of Count V of its Complaint for Declaratory Judgment as if fully set forth herein.

49. The Policy contains the following "Other Insurance" provision:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
\* \* \*
**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in **c.** below.

**b. Excess Insurance**

This insurance is excess over:
\* \* \*
**(2)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.
\* \* \*
When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If

15

> no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.
>
> When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:
>
> **(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and
>
> **(2)** The total of all deductible and self-insured amounts under all that other insurance.
>
> We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.
>
> \* \* \*

(hereinafter referred to as the "Other Insurance" provision) (Ex. B).

50. Even if the FAC alleged "bodily injury" caused by an "occurrence", which Kinsale expressly denies that it does, the Policy does not provide coverage for the Underlying Lawsuit to the extent there is other insurance available to SBX, BXX, LCE, and/or HAR providing primary coverage for this loss, and such coverage is sufficient to cover SBX, BXX, LCE, and/or HAR's liability in the Underlying Lawsuit.

51. Kinsale has and had no duty under the Policy to defend, LCE, SBX, BXX, and HAR against the FAC, or to indemnify them for any judgment or settlement entered in the Underlying Lawsuit.

52. An actual controversy exists between Kinsale, LCE, SBX, BXX, A-Alert, HAR, Abdullah Muhammad, Kamal Muhammad, and Derrick Goard Jr., and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Kinsale, respectfully prays that this Honorable Court:

16

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Kinsale Policy;

b. Find and declare that the "Other Insurance" Provision bars coverage under the Policy for the damages sought in the Underlying Lawsuit to the extent there is other insurance available to LCE, SBX, BXX, and HAR providing primary coverage for this loss;

c. Find and declare that Kinsale has and had no duty under the Kinsale Policy to: (1) defend LCE, SBX, BXX, and HAR in the Underlying Lawsuit; or (2) indemnify LCE, SBX, BXX, and HAR for any judgment or settlement entered in the Underlying Lawsuit; and

d. Grant Kinsale such other and further relief that the Court deems proper under the facts and circumstances.

Respectfully submitted,

KINSALE INSURANCE COMPANY

s/ *Dana A. Rice*
Dana A. Rice

Dana A. Rice (6283827)
Traub Lieberman Straus & Shrewsberry LLP
303 W. Madison, Ste. 1200
Chicago, IL 60606
Telephone: 312-332-3900
Facsimile: 312-332-3908
drice@tlsslaw.com