IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | 19 C 5771 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| LAST COAST ENTERTAINMENT, LLC, BXX MANAGEMENT CORPORATION, SBX MANAGEMENT CORP., A-ALERT SECURITY SERVICES, INC., HAR MANAGEMENT CORPORATION, ABDULLAH MUHAMMAD, KAMAL MUHAMMAD, and DERRICK GOARD, JR., | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this insurance coverage case filed on August 27, 2019, Kinsale Insurance Company seeks a declaration that it has no duty to defend or indemnify Last Coast Entertainment, LLC, BXX Management Corp., SBX Management Corp., A-Alert Security Services, Inc., and HAR Management Corp., in connection with a state court tort suit brought against them by Abdullah Muhammad, Kamal Muhammad, and Derrick Goard, Jr. Doc. 1; *see Muhammad v. SBX Mgmt. Corp.*, No. 2018 L 3797 (Cir. Ct. Cook Cnty., Ill.). A status report filed on November 8, 2019 stated that only A-Alert Security Services had been served (to be precise, it waived service). Doc. 14 at 1-2. The next business day, the court entered an order postponing the scheduled status hearing and issuing this warning: "Plaintiff is cautioned regarding the requirements of Civil Rule 4(m). If Plaintiff does not serve the remaining defendants or seek an appropriate extension within the time frame set forth under Rule 4(m), those defendants will be dismissed without prejudice." Doc. 15.

1

Rule 4(m) provides in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The ninety-day period expired on November 25, 2019. The docket reflects that only one other defendant, Last Coast Entertainment, has been served since the court's Rule 4(m) warning, Doc. 16, and Kinsale has not sought an extension of time to serve the other defendants. Accordingly, pursuant to the court's explicit Rule 4(m) order, Kinsale's claims against the non-served defendants—BXX Management, SBX Management, HAR Management, Abdullah Muhammad, Kamal Muhammad, and Goard—are dismissed without prejudice. *See Hurtado v. 7-Eleven, Inc.*, 508 F. App'x 564, 565 (7th Cir. 2013); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1007 (7th Cir. 2011).

Although under most circumstances Kinsale could proceed against the served defendants (A-Alert Security Services and Last Coast Entertainment), this circumstance may be different. Abdullah Muhammad, Kamal Muhammad, and Goard, as the plaintiffs in the underlying tort suit, may be necessary parties to this coverage case under Civil Rule 19(a). *See Great W. Cas. Co. v. Mayorga*, 342 F.3d 816, 817 (7th Cir. 2003) ("Under Illinois law, the tort claimant is a necessary party to a suit to determine coverage."); *M.F.A. Mut. Ins. Co. v. Cheek*, 363 N.E.2d 809, 811 (Ill. 1977) (holding that the plaintiffs in the underlying tort suit were not bound by a default judgment against the insureds in the insurer's declaratory judgment suit because the underlying plaintiffs were "necessary parties defendant" to the declaratory judgment action); *W. States Ins. Co. v. Weller*, 701 N.E.2d 542, 545 (Ill. App. 1998) ("The plaintiffs in the underlying tort action are necessary parties to [an insurer's] declaratory judgment action."); *Emp'rs Mut. Cas. Co. v. Witham Sales & Serv., Inc.*, 2009 WL 4281457, at *5 (N.D. Ind. Nov. 23, 2009)

2

(holding that "the injured party is a necessary party [under Rule 19(a)] to a declaratory judgment action brought by the insurer against the insured when the insurer's motion seeks to determine policy coverage, not merely a duty to defend"); *Am. Standard Ins. Co. of Wis. v. Rogers*, 123 F. Supp. 2d 461, 467 (S.D. Ind. 2000) (same). If so, because Kinsale's failure to comply with Rule 4(m)—despite having been duly warned—resulted in the dismissal of necessary parties, its claims against A-Alert Security Services and Last Coast Entertainment may be subject to dismissal under Civil Rule 12(b)(7). Because a Rule 12(b)(7) dismissal would be predicated on a without prejudice Rule 4(m) dismissal, the Rule 12(b)(7) dismissal would be without prejudice as well.

Kinsale has until December 20, 2019 to show cause why its claims against A-Alert Security Services and Last Coast Entertainment should not be dismissed without prejudice under Rule 12(b)(7). If Kinsale wishes, it may voluntarily dismiss this suit without prejudice and refile it as a new case, subject of course to any applicable defenses.

December 6, 2019

_____
United States District Judge