UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | 19 C 5771 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| LAST COAST ENTERTAINMENT, LLC, BXX | ) | |
| MANAGEMENT CORPORATION, SBX | ) | |
| MANAGEMENT CORP., A-ALERT SECURITY | ) | |
| SERVICES, INC., HAR MANAGEMENT | ) | |
| CORPORATION, ABDULLAH MOHAMMAD, | ) | |
| KAMAL MUHAMMAD, DERRICK GOARD JR., SBX | ) | |
| DEVELOPMENT CORP., and MARTIN CONRAD, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Kinsale Insurance Company seeks a declaratory judgment that it has no duty to defend or indemnify Last Coast Entertainment, LLC, BXX Management Corporation, SBX Management Corp., HAR Management Corporation, SBX Development Corp., or Martin Conrad in *Muhammad v. SBX Management Corp.*, No. 2018 L 3797 (Cir. Ct. Cook Cnty. filed Apr. 13, 2018), a personal injury suit brought against them and A-Alert Security Services, Inc. by Abdullah Muhammad, Kamal Muhammad, and Derrick Goard Jr. (collectively, "Underlying Plaintiffs"). Doc. 67. Kinsale moved for default judgment under Civil Rule 55(b) against Last Coast, BXX, the SBX entities, HAR, and Conrad, who have not appeared in this suit, and for judgment on the pleadings under Rule 12(c) against Underlying Plaintiffs and A-Alert, who have appeared. Doc. 85. The court granted the default judgment motion in a minute order, Doc. 89, and now grants the motion for judgment on the pleadings.

1

## Background

The court reviews a Rule 12(c) motion under the same standard as a Rule 12(b)(6) motion. *See Bishop v. ALPA, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018). The court may consider "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The facts are considered in the light most favorable to the non-movants. *See Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). "When a plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020).

The underlying suit stems from shootings at The Boxxx, a nightclub in Harvey, Illinois. Doc. 67 at ¶ 16; Doc. 67-1 at pp. 3-4, ¶¶ 4-8. Last Coast, BXX, the SBX entities, HAR, and Conrad owned and operated The Boxxx. Doc. 67-1 at p. 3, ¶ 3; *id*. at p. 12, ¶ 3; *id*. at p. 21, ¶ 3; *id*. at p. 40, ¶ 3; *id*. at p. 49, ¶ 3; *id*. at p. 57, ¶ 3. A-Alert provided security services there. *Id*. at p. 30, ¶¶ 3-4.

Underlying Plaintiffs went to The Boxxx on March 17, 2018. *Id*. at p. 3, ¶¶ 4-6; *id*. at p. 6, ¶¶ 4-6; *id*. at p. 9, ¶¶ 4-6. While they were inside, an individual who remains unidentified "began to act in a reckless and dangerous manner." *Id*. at p. 3, ¶ 7; *id*. at p. 6, ¶ 7, *id*. at p. 9, ¶ 7. That individual then shot Underlying Plaintiffs even though they were "exercising due care" for their own safety. *Id*. at p. 4, ¶¶ 8, 10; *id*. at p. 7, ¶ 8, 10; *id*. at p. 10, ¶¶ 8, 10. Last Coast, BXX, the SBX entities, HAR, Conrad, and A-Alert were aware of that individual's reckless and dangerous conduct, but they failed to take steps that would have prevented the shootings. *Id*. at pp. 4-5, ¶¶ 9, 13-14; *id*. at pp. 13-14, ¶¶ 9, 13-14; *id*. at pp. 22-23, ¶¶ 9, 13-14; *id*. at pp. 31-32,

¶¶ 9, 14-15; *id*. at pp. 40-42, ¶¶ 9, 13-14; *id*. at pp. 49-50, ¶¶ 9, 13-14; *id*. at pp. 58-59, ¶¶ 9, 13-14. The underlying complaint alleges nothing else about the shootings.

In April 2017, Kinsale issued a commercial general liability insurance policy to Last Coast. Doc. 67 at ¶ 24 & n.1; Doc. 67-2. The policy was amended in November 2017 to list BXX as an insured. Doc. 67-2 at 68. The policy provides coverage for damages resulting from "bodily injury." *Id*. at 6, § I.A.1.a. An endorsement sets forth an "Exclusion" for "Assault and Battery," which states: "This insurance does not apply to any claim or 'suit' for 'bodily injury' … arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked." *Id*. at 44. The exclusion encompasses "[t]he prevention or suppression, or the failure to suppress or prevent any assault, battery, harmful or offensive contact, or threat," as well as "[t]he failure to provide an environment safe from any assault, battery, harmful or offensive contact, or threat, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, harmful or offensive contact, or threat." *Ibid*. The exclusion applies "regardless of fault or intent and regardless of the particular cause of action," and "regardless of whether assault, battery, harmful or offensive contact, or threat is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence." *Ibid*.

### Discussion

This coverage suit, brought under the diversity jurisdiction, is governed by Illinois law because it was filed in a district court located in Illinois and neither party argues choice of law. *See Jackson v. Bank of Am. Corp.*, 711 F.3d 788, 791 (7th Cir. 2013); *Ryerson Inc. v. Fed. Ins.*

*Co.*, 676 F.3d 610, 611 (7th Cir. 2012). The Seventh Circuit has summarized Illinois law

governing the interpretation of insurance policies as follows:

> In Illinois, insurance policies are contracts; the general rules governing the
> interpretation and construction of contracts govern the interpretation and
> construction of insurance policies. Illinois courts aim to ascertain and give
> effect to the intention of the parties, as expressed in the policy language, so
> long as doing so does not contravene public policy. In doing so, they read the
> policy as a whole and consider the type of insurance purchased, the risks
> involved, and the overall purpose of the contract. If the policy language is
> unambiguous, courts apply it as written. Policy terms that limit an insurer's
> liability are liberally construed in favor of coverage, but only when they are
> ambiguous, or susceptible to more than one reasonable interpretation.

*Clarendon Nat'l Ins. Co. v. Medina*, 645 F.3d 928, 933 (7th Cir. 2011) (citations omitted). "[A]

court will not search for ambiguity where there is none." *Valley Forge Ins. Co. v. Swiderski*

*Elecs., Inc.*, 860 N.E.2d 307, 314 (Ill. 2006); *see also Native Am. Arts, Inc. v. Hartford Cas. Ins.*

*Co.*, 435 F.3d 729, 732 (7th Cir. 2006).

"To determine whether an insurer has a duty to defend its insured, [the court] compare[s]

the factual allegations of the underlying complaint … to the language of the insurance policy. If

the facts alleged in the underlying complaint fall within, or potentially within, the policy's

coverage, the insurer's duty to defend arises." *Amerisure Mut. Ins. Co. v. Microplastics, Inc.*,

622 F.3d 806, 810 (7th Cir. 2010) (citations and quotation marks omitted); *see also Scottsdale*,

972 F.3d at 919 (same). An insurer may decline to defend an insured only where "it is clear

from the face of the underlying complaint that the allegations set forth … fail to state facts that

bring the case within, or potentially within, the coverage of the policy." *Valley Forge*, 860

N.E.2d at 315. Illinois courts "give little weight to the legal label that characterizes the

underlying allegations. Instead, [they] determine whether the alleged conduct arguably falls

within at least one of the categories of wrongdoing listed in the policy." *Santa's Best Craft, LLC*

*v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 346 (7th Cir. 2010).

"[I]n Illinois, the initial burden of proof lies with an insured to prove that its asserted loss was a covered loss under the terms of the insurance policy." *Old Second Nat'l Bank v. Ind. Ins. Co.*, 29 N.E.3d 1168, 1176 (Ill. App. 2015). Kinsale appropriately concedes that the policy's coverage provisions could provide coverage for liability stemming from Underlying Plaintiffs' injuries. The policy covers "damages because of 'bodily injury'" if the injury "is caused by an 'occurrence' that takes place in the 'coverage territory'" and "occurs during the policy period." Doc. 67-2 at 6, § I.A.1.a, .b(1)-(2). The policy period included March 17, 2018, the date of the shootings. *Id*. at 2. Being shot by a firearm is a "bodily injury," which the policy defines as "bodily injury, sickness or disease sustained by a person." *Id*. at 18, § V.3. "Coverage territory" includes the entire United States. *Id*. at 18, § V.4.a. And "occurrence" is defined as "an accident." *Id*. at 19, § V.13. On the face of the underlying complaint, the shootings could have been an accident.

The dispute here concerns whether Kinsale has shown that the Assault and Battery Exclusion defeats coverage. *See Addison Ins. Co. v. Fay*, 905 N.E.2d 747, 752 (Ill. 2009) ("Once the insured has demonstrated coverage, the burden then shifts to the insurer to prove that a limitation or exclusion applies."). To be more precise, the question is whether, based solely on the factual allegations in the underlying complaint, it "appears beyond doubt," *Scottsdale*, 972 F.3d at 919, that Underlying Plaintiffs' claims could not even "potentially" escape the exclusion, *Valley Forge*, 860 N.E.2d at 315.

Kinsale prevails even under this exacting standard. As noted, the exclusion defeats coverage for any claim "arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat." Doc. 67-2 at 44. The rest of the exclusion's text confirms its all-encompassing scope. *Ibid*. (listing a series of situations that the

exclusion "includes but is not limited to"). Whatever facts ultimately emerge in the underlying suit, the underlying complaint's allegations plainly "relate[] to, or, in any way involv[e] … harmful or offensive contact"—namely, the shooting of all three Underlying Plaintiffs. *Ibid*. Because the underlying complaint's claims are indisputably covered by the exclusion, Kinsale has no duty to defend.

All arguments to the contrary are unavailing. Underlying Plaintiffs argue that their claims in the underlying suit fall outside the exclusion because they arise from inadequate security at The Boxxx, not from the shootings as such. Doc. 97 at 5-6, 10-11, 12. A-Alert similarly argues that it remains unresolved in the underlying suit "whether certain actions were taken to prevent [the] injuries." Doc. 92 at 3. But the exclusion expressly extends to "the failure to suppress or prevent any … harmful or offensive contact" and "[t]he failure to provide an environment safe from any … harmful or offensive conduct," Doc. 67-2 at 44, thus anticipating and rejecting this line of argument. The exclusion also applies "regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence" to the bodily injury. *Ibid*. That part of the exclusion confirms that it encompasses the underlying complaint's claims, for while inadequate security at The Boxxx may or may not have been a concurrent or contributing cause of Underlying Plaintiffs' injuries, the shootings themselves indisputably were such a cause.

Next, Underlying Plaintiffs argue that the shootings as alleged in the underlying complaint do not meet the elements of assault and battery under the Illinois Criminal Code. Doc. 97 at 9 (citing 720 ILCS 5/12-1(a), -3(a)). Both crimes require that the defendant act knowingly. *See* 720 ILCS 5/12-1(a) ("A person commits an assault when, without lawful authority, he or she knowingly engages in conduct which places another in reasonable

apprehension of receiving a battery."); *id*. 5/12-3(a) ("A person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual."). The underlying complaint alleges that the shooter acted only "in a reckless … manner," Doc. 67-1 at p. 3, ¶ 7, prompting Underlying Plaintiffs to contend that their allegations do not rise to the level of crimes under the Code, Doc. 97 at 9, 12.

That contention is unpersuasive. Even if Underlying Plaintiffs were correct the exclusion defined assault and battery to match their definitions in the Code, they ignore the fact that the exclusion also references "harmful or offensive contact." Doc. 67-2 at 44. A shooting indisputably is harmful contact, so the exclusion applies regardless of whether the facts adduced in state court ultimately add up to assault or battery under the Code.

## Conclusion

Kinsale's motion for judgment on the pleadings is granted. The court declares that Kinsale has no duty to defend Last Coast, BXX, the SBX entities, HAR, and Conrad in the underlying suit. In addition, because Kinsale has no duty to defend, it necessarily has no duty to indemnify, and the court declares that as well. *See Health Care Indus. Liab. Ins. Program v. Momence Meadows Nursing Ctr., Inc.*, 566 F.3d 689, 693 (7th Cir. 2009) ("Holding that an insurer has no duty to indemnify therefore follows inexorably from holding that an insurer has no duty to defend."); *Crum & Forster Managers Corp. v. Resolution Tr. Corp.*, 620 N.E.2d 1073, 1081 (Ill. 1993) ("In cases such as the instant case where no duty to defend exists and the facts alleged do not even fall *potentially* within the insurance coverage, such facts alleged could obviously never *actually* fall within the scope of coverage. Under no scenario could a duty to indemnify arise. Clearly, where there is no duty to defend, there will be no duty to indemnify

and we find that the plaintiff-insurers have no duty to defend or indemnify the insureds in this

case.").

April 22, 2021

_____
                United States District Judge